UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALI TAJ BEY**

    Plaintiff,

v.                                              Case No. 8:18-cv-960-T-17AAS

**CRAIG ALLEN MYRICK,**

    Defendant.
_____/

## ORDER

Ali Taj Bey renews his motion for entry of clerk's default under Federal Rule of Civil Procedure 55(a). (Doc. 14). The undersigned denied Mr. Bey's first motion for clerk's default because his proof of service was deficient. (Doc. 10). Specifically, server Arquella Howell selected the option for serving an organization although Mr. Bey sued Cray Myrick individually. (Docs. 6, 7, 10).

Mr. Bey's amended proof of service now indicates Arquella Howell personally served Mr. Myrick. (Doc. 13). But, in response to the court's order to show cause why the case should not be dismissed because Mr. Bey and Mr. Myrick are the same person,[1] Mr. Bey asserts he is "the trustee and real party of interest of the Craig Allen Myrick Trust/Estate, an express trust." (Doc. 18, p. 1).

Proof of service should include enough information to show the plaintiff properly served the opposing party. 10 James Wm. Moore et al., Moore's Federal Practice, § 4.103 (3d ed. 2017).

---

[1] *See Bey v. Florida*, 8:18-CV-1791-35AEP (M.D. Fla.) (Doc. 1) (stating Craig Allen Myrick is Ali Taj Bey's "assumed fictitious name").

1

Because it is unclear who or what the defendant is in this case, Mr. Myrick's proof of service fails to show he properly served the defendant.

Accordingly, Mr. Bey's second motion for clerk's default (Doc. 14) is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida on this 11th day of June, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge